IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**VINCENT HUSSEY**                                                                                              **PETITIONER**
**ADC #109212**

v.                                CASE NO.: 5:13CV00352 JLH/BD

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                          **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

>Mail your objections and "Statement of Necessity" to:
>
>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

**II.     Discussion**

Petitioner Vincent Hussey, an inmate in the Arkansas Department of Correction, has filed a petition for writ of habeas corpus (docket entry #2), challenging his 1996 state convictions for capital murder and aggravated robbery. This is Mr. Hussey's second request for habeas relief from the same 1996 convictions. See *Hussey v. Hobbs*, 5:10CV00327-JLH. The Court of Appeals for the Eighth Circuit denied Mr. Hussey's application for a certificate of appealability after his earlier petition was dismissed. *Id*. at docket entry #22.

Before filing a successive habeas corpus petition in a district court, a petitioner must seek and receive an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Without an order from the court of appeals authorizing the filing of a second or successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1] Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the State – is appropriate where the petition itself and court records show

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

that the petition is a second or successive petition filed without authorization from the court of appeals. Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

The pending petition is deemed "successive" because the court has already decided a petition challenging Mr. Hussey's 1996 convictions for capital murder and aggravated robbery. There is nothing in the record to indicate that Mr. Hussey sought and received authorization from the Court of Appeals for the Eighth Circuit before filing this successive petition. He must apply for, and receive, permission from the Court of Appeals for the Eighth Circuit before filing any habeas corpus petition that challenges the 1996 convictions, even if he seeks to raise claims that he has never before raised – new claims that the court has never considered. Without permission from the Court of Appeals, the district court cannot consider this case. 28 U.S.C. § 2244(b)(1)-(3)(A).

### III. Conclusion

The Court recommends that Judge Holmes dismiss Vincent Hussey's successive petition for writ of habeas corpus, without prejudice, for lack of jurisdiction. The Court further recommends that Judge Holmes deny a certificate of appealability. All pending motions should be dismissed as moot.

DATED this 19th day of November, 2013.

_____
UNITED STATES MAGISTRATE JUDGE